**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

JAMALL MABRY, #311708,

        Petitioner,

v.                                                       ACTION NO.
                                                             2:04cv604

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.


**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner Jamall Mabry ("Mabry") was convicted in the Circuit Court for the City of Portsmouth on December 21, 2001 of four counts of robbery, five counts of use of a firearm during the commission of a felony, one count of attempted robbery, and one count of possession of a sawed-off shotgun. He was sentenced to a total of fifty-five years imprisonment.

Mabry's direct appeal of his convictions to the Court of Appeals of Virginia was denied on

August 8, 2002. The Supreme Court of Virginia refused Mabry's petition for appeal on January 23, 2003. On January 14, 2004, Mabry filed a habeas petition with the Portsmouth Circuit Court which was dismissed on March 18, 2004. Mabry noted his appeal to the Supreme Court of Virginia on April 9, 2004, but did not perfect his appeal.

Mabry, presently in the custody of the Virginia Department of Corrections at Wallens Ridge State Prison in Big Stone Gap, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 12, 2004. On November 30, 2004, respondent filed a Rule 5 Answer and Motion to Dismiss with an accompanying brief in support. Mabry filed an opposition to the motion to dismiss on December 17, 2004.

### B. Grounds Alleged

Mabry asserts that the following entitle him to relief under 28 U.S.C. § 2254:

(a) the trial judge erred by not instructing the jury that parole had been abolished; and,

(b) the Commonwealth erred by committing prosecutorial misconduct in closing arguments.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

In order for this Court to address the merits of this habeas petition all of Mabry's claims must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir.), cert. denied, 510 U.S. 984 (1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel,

526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (citing Brown v. Allen, 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Mabry did not raise the Grounds contained in his present habeas petition to the Virginia Supreme Court during his direct appeal of his convictions. He did raise these Grounds in his habeas petition filed in the Circuit Court of Portsmouth. However, that petition was not appealed to the Virginia Supreme Court.

Because "[t]his exhaustion requirement . . . refers only to remedies still available at the time of the federal petition," Engle v. Isaac, 456 U.S. 107, 125, n.28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), Mabry can satisfy the requirement "if it is clear that [Mabry's] claims are now procedurally barred under [Virginia] law," Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). See also Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997):

> [T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met . . . when a state procedural rule would bar consideration if the claim was later presented to the state court.

Matthews, 105 F.3d at 911 (internal citations and quotation marks omitted).

Virginia does bar Mabry from raising these claims on state habeas corpus now because Mabry filed a previous habeas petition, and is now procedurally barred from filing a successive petition by Virginia Code § 8.01-654(B)(2). Therefore, Mabry has met the exhaustion requirement for the claims.

However, even if his claims meet the exhaustion requirement, under Wainwright v. Sykes, 433 U.S. 72, 87-91, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), Mabry cannot raise in a federal habeas corpus proceeding any claim he did not first present to the Virginia Supreme Court unless he can

show cause for failing to present the claim and prejudice resulting therefrom. Nowhere in his federal petition has Mabry shown the requisite cause and prejudice which this Court must find before considering the merits of the claims. Therefore, this Court finds that Grounds (a) and (b) are procedurally defaulted and will not address the merits.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Mabry's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED.

Mabry's Grounds (a) and (b) should be DENIED because they were never raised in the Virginia Supreme Court and Mabry has shown no cause for failing to present the claim and no prejudice resulting therefrom which this Court must find before considering the merits of the claim.

Mabry has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039, 154 L.Ed.2d 931 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b),

computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

    2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

    The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984), <u>cert. denied</u>, 474 U.S. 1019 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert. denied</u>, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

March 30, 2005

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Jamall Mabry, #311708
Wallens Ridge State Prison
P.O. Box 759
Big Stone Gap, VA 24219


Susan L. Parrish, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                                                Elizabeth H. Paret, Clerk


                                      By _____
                                             Deputy Clerk

                                      March    , 2005